The record in what the parties referred to in the brief says the Sacramento case did not clearly establish that Mr. Smith admitted to all the elements of generic burglary, making that conviction a violent felony for ACC purposes under either the burglary clause or the otherwise clause. As this Court has held on numerous occasions, the California burglary statute is too sweeping to satisfy generic burglary. It does not require an unlawful entry. It does not have within it a remaining component, which is what the District Court did in this case, finding that Mr. Smith committed generic burglary based on a remaining theory with which Mr. Smith was never charged, never pled to, and never admitted at his change of plea. Mr. Weinerman, how do you address the decision of the Ninth Circuit in Hernandez-Hernandez? I think that I was on that panel and that there we held, with a dissent in a divided court, we held that a lawyer could provide a factual basis at a plea hearing. I'm familiar with that case, Judge Gould, and I've decided that my best argument on Mr. Smith's behalf is to argue to the Court that even if you consider the DA's factual basis that was presented in the Sacramento case supplemented by the defense attorney's statement, the government did not clearly establish all the elements of generic burglary. And let me get to what was said. It's on page 101 of the excerpt of record. And in the change of plea, the deputy district attorney said, and again, this was a no contest plea, that Mr. Smith unlawfully entered and inhabited dwelling occupied by Jennifer Smith, apparently his wife. Show me those pages again, please. 100 and 101. I've got it. Once inside, he took personal property belonging to her. So that's what the DA says. Then the judge turns to the defense attorney and says, do you have any comment on the factual basis? And the defense attorney says, he entered his former home, which he considered to be his current home. He had only been away for two days. The codes were changed. He went in and retrieved some of his personal property, all of which was still at the home. He did, however, take some things that he should not have. In our view, if you combine those two statements, that is not generic burglary, certainly when the standard is clearly established, as I believe you noted, Judge Gould, in the Franklin case. There's a question of whether the defense attorney admitted that there was an unlawful entry. And again, California does not require an unlawful entry. So the judge did not have to find there was an unlawful entry. There was certainly not an admission that there was an unlawful entry. And at the same time, there was an intent to commit a crime. Generic burglary requires that the intent to commit a crime be held occur at the moment of an unlawful entry. Yes, Judge. He did admit enough to enter a plea. He admitted some elements directly, such as he knew the codes had been changed to get into his house, so he was entering against the codes, which is an admission of unlawful entry. There's an admission of an inhabitant dwelling, because the prosecutor says that, and it is not rebutted or denied by the defendant. And the finding of a 459-CC, in other words, a California burglary conviction, as to the third element, intent to commit a crime upon entry, can be found by the judge on the circumstantial evidence that he did take property which did not belong to him. Judge, I don't believe that the state judge said any of those things. I realize that a judge would be unlikely to accept a plea if the judge did not believe that there was enough. But again, this was a no-contest plea. Well, he doesn't have to say that. What he has to do is act upon evidence which is legally sufficient to allow him to find it. That's true. And what I'm saying is when you combine the two statements of the defense attorney and the deputy DA, while I acknowledge that the deputy DA used the language unlawful entry, and although the defense attorney seemed to almost contest that and said he really considered it to be his current home, I can see your point that with the codes being changed, one could conclude that this was an unlawful entry. But there's no way you can interpret what was said by the two attorneys that he had the intent to commit a crime at the time of the unlawful entry. And again, if you look at what is said on page 100 and 101, the DA herself, I believe it was a woman, said that he entered unlawfully and then once inside he took property belonging to his wife. And the defense attorney explained that he didn't enter with the intent to steal. He entered with the intent to retrieve his own property. And then once inside, he wound up taking some things that did not belong to him that apparently belonged to his wife. But wouldn't the judge, I take it where you and I differ, is that you believe that in order to sustain this conviction, it would be necessary to find that the defendant agreed and admitted either through himself or through his proxy, the attorney, or through failure to deny each and every element. And I suppose what you and I differ is that I don't see a real contest. So long as the judge has evidence before him which was a reasonable foundation to determination of the intent at the time of entry, a finding of guilty impliedly finds that he had the intent to enter with the guilty intent. Well, I guess my response to your question, Judge Bea, is that the law in the Ninth Circuit is that the record has to clearly establish. Unequivocally establish. Unequivocally, I've seen both terms used, but I agree that the defendant admitted by plea to all the elements of generic burglary. This record is ambiguous if not in the element of unlawful entry, it's ambiguous in the element of whether he had the intent to commit a crime in the house at the time he entered. Do you think that it must be an admission, it cannot be part admission and part finding based on the no-contest plea? Actually, he didn't admit anything. Well, that's true. That's true. I guess I'm saying if you take a look at the record in its totality, it has not been clearly established. And I guess my beef with what the district judge did is that the district judge did what Taylor says that the Federal Sentencing Court should not do, and that is to engage in fact-finding. Because really what this judge did, at least in my review of the record, my opinion of the record, is this judge found generic burglary based on a remaining theory, an unlawful remaining theory, which is nowhere, in our view, established by the record. Regardless of how he got there, if he got there and there's sufficient facts and admissions of the record, we should affirm if we find that the result was correct, if the distinction was wrong. Well, I would say if you find that the record clearly established all the elements of generic burglary, whether it's by the admissions of Mr. Smith or his attorney combined with what the deputy DA says, then yes, I suppose that I'd come out on the short end. We don't know if Hernandez will hold up because it could go in bank. Who knows? Or the Supreme Court could take a different view. But assuming it stays the law, then your argument is, although the attorney admitted it was a dwelling and that he may have entered unlawfully, the attorney didn't admit that he intended to take something? Well, the attorney clearly said he entered with the intent to retrieve his own personal property. And the DA said he unlawfully entered and then said once inside, he took property that didn't belong to him. So when you combine the two statements, let's say he unlawfully entered with the intent to take his own property. And then while he was there, he decided to take the property. Was the intent a necessary element of the crime that he pled no contest to? I believe it is under both California law and certainly under the Taylor definition of generic burglary. I wanted to reserve some time, but I see I'm done. I've been delinquent in letting counsel have some extra time once in a while. We'll give you a minute or a minute and a half for rebuttal. Thank you. Good afternoon. I'm Frank Papagni. I'm the prosecutor in this case for the federal government. I want to thank the court for allowing this matter to proceed this afternoon so that I can be with my family this week. Also, Mr. Weinman was kind enough to agree to that. The argument that's been made by Mr. Weinman was the one made before Judge Aiken. The starting point for the government as well as for Judge Aiken was the Taylor decision at 495 U.S. 599. Well, he wasn't charged here with remaining in, right? I thought he was charged with entering. Well, that's an interesting problem we have in this case because as this court, I think you were the author of the Franklin decision, as I recall. We don't have a charging instrument. The state of California was kind enough to provide us. What we do have is the transcript. We also have, as I included on behalf of the record for the government, the abstract of records. So it's been, if you will, we've done the best we can gathering up the documents for consideration. What made it even more interesting, as Judge Wallace knows from the decisions he set on in Kovach going back to the very beginning, certain judicial documents we can use and certain ones we cannot use. And in this instance, we were fortunate enough to have the plea colloquy for the stipulation of facts. And what's interesting to the government and what's interesting to Judge Aiken, who made her findings in this particular case, is that the facts as outlined on pages 100 and 101 that Mr. Weinerman has referred to requires this court to take a de novo review and ascertain is this adequate? Does this qualify under the definition I just gave you in Taylor to be a generic burglary for armed or criminal purposes? Is Ms. Kent, the government, is the ALSA or the defense lawyer? Ms. Kent, as I recall, is the defense lawyer. And the prosecutor in the case in Sacramento a few years ago was apparently a Ms. I can't pronounce your name correctly. It's S-T-W-O-R-A hyphen H-A-I-L. That's right. This is the Sacramento case. And then the defense lawyer was a Ms. Kent. The approach that was taken by Judge Aiken is the approach the government urges should be affirmed, because as you've read her findings, which carried on for several pages, the pertinent pages for this particular argument begin at 161 of the excerpt of record. And that is she looked very, very hard at the Sacramento case, and she called it a close call. And then she noted exactly what Judge Bea observed, and that was that the codes had been changed. And while unlawfully remaining in the building, he committed theft. He also unlawfully entered the building. Mr. Weinman, on behalf of his client, has tried to say, well, it had to have both. And as I see the pleading and as I read Taylor, the language used is for unlawful or unprivileged entry into or remaining in with the intent to commit the crime meets the definition of generic burglary. Do I understand correctly that the only problem we have with the State of California statute is the only element of generic burglary that is not part of the statutory defined offense is the unlawfulness of the entry? I wish that was the only problem with 459, but as you review the cases, the California 459 section, as Mr. Weinman would tell you in a moment being a former California lawyer, is broader as to where you could unlawfully enter. It's not just a home, right? It could be a car. But here, maybe if Hernandez is the law, then the lawyer's statement that it was a home is probably not. And that's precisely the government's point. What we're doing with this modified categorical approach that we're trying to use in this instance and that Judge Aiken used, after government acknowledged, as we obviously should, this court has repeatedly said it, that the California burglary one statute is too broad, was what has been admitted or in this instance in a stipulated fact site trial acknowledged. Now, how do you respond to Mr. Weinman's argument that intent to enter unlawfully isn't shown by what he pleaded to or by what the lawyer said? Well, that's the part of Mr. Weinman's argument that I take dispute with, and so does Judge Aiken apparently, and that is there's an acknowledgment defended according to the statement of the prosecutor in Sacramento Superior Court, I believe it was, that unlawfully, willfully and unlawfully entered in an inhabited dwelling and identified the lady who was inside it, which was apparently his former wife, and once inside did take personal property belonging to her. And then when the magistrate asked for additional comment, then his own lawyer said he entered his former home, which he considered to be his current home, had only been away for two days. The codes were changed, as Judge Aiken pointed out and Judge Bea pointed out. He went in and retrieved some of his personal items, and then she goes on to say he did, however, take some things he should not have that did not belong to him. So while Judge Aiken found that he entered unlawfully with the intent to commit the theft, she alternatively said on page, because Mr. Weinman doing his job understandably challenged her, and Judge Aiken said, under both theories, I am persuaded page 164, Your Honor, of the excerpt of the record. I'll wait until you get there. It's on lines 17 through 20. She says, so on both those theories, I'm persuaded this conviction does fall within the definition of generic burglary. To get back to your specific question, sir, he unlawfully entered the residence and necessarily had to unlawfully be remaining in the residence when he formulated the theft to take his wife's property unlawfully or commit theft. So Judge Aiken went on to, and I can get that for you in a moment, discuss the intent issue on page 168 of the excerpt of record. And starting at line 12, that under the California Code and section that I think the analysis is such that one has to conclude that he, whether he entered, you could argue on whether or not he entered unlawfully. I believe I have made a finding on that. But then if, should they find that's not appropriate, then there's also the element of forming the intent when you don't have the ability, because you don't have a possessory right to be there. And because of being notified by the code changes, and as a result of counsel's own statement, he remained in there and took items that belonged to someone else. What page is that? 168 of the excerpt of record, lines 12 through 22. So getting back to the definition of Taylor, what constitutes burglary, the government would respectfully submit, as we did to Judge Aiken, is that the acknowledgment made by his attorney, as well as the statement given by the prosecutor, is just a generic definition of burglary as required by Taylor. This court reviews it, the findings of Judge Aiken de Novo, but the analysis remains the same. Mr. Smith committed the generic burglary in Sacramento County. Now, I have made another argument, and Ninth Circuit law presently is against me on the otherwise clause. I only preserve it in case somehow in the future that changes, because I understand there's a difference of opinion among the circuits. So I don't care to go further on that. Probably don't want to hear it. Let me ask something. Here on page 168, where Judge Aiken says, there is also the element of forming an intent when you don't have a right to be there. Correct. Now, why isn't she going beyond Taylor here and making sort of a finding about what happened, as opposed to what did he plead to and what did he admit to in the plea colloquy? Well, Judge. Where is that admitted to in the plea colloquy, that particular element about forming the intent? I don't think the plea colloquy from Sacramento you have. I can only point out to the magistrate himself later on page 102 to 103, bottom of 102 and 103, says now the no contest has the same force and effect with the court as a plea of guilty. In fact, I'm going to find you guilty of the burglary based on the no contest plea. Do you understand that? He says, yes, sir. And then later on, on page 105, line 15, he finds a factual basis for the plea and finds the defendant guilty of first degree burglary as alleged in count one of his charging instrument, which I cannot provide you, and based on the no contest plea. Getting back to your question, this is all we have. You have the same thing Judge Aiken does. The tension that we dealt with down in Eugene before Judge Aiken, Mr. Weinerman and myself, was that we have the category approach, which we agreed in this instance could not be used, and we have the modified category approach, which we agreed could be used, but we are to be restricted as much as we can by not making a factual, intensive finding. So what Judge Aiken, I think, was trying to do, Judge Gould, was to focus on what she had in front of her and say, as a matter of law, this is sufficient. And the government would submit to you, as a matter of law, it is. But isn't it, Judge Aiken, have to make a factual finding if there was a factual predicate for finding the element of intent upon entry from the circumstantial evidence that he took once he entered? Yes, Judge Beyer, that was her conclusion, as she indicated on the pages I cited to you, when she responded to Mr. Weinerman saying, well, Judge, did he have the intent to commit theft when he was inside the residence? And Judge Aiken said, I find also in the alternative, I think that's the exact word she used was alternative, that he qualified as a generic perjury on both the unlawful entering and remaining grounds that existed. Does that answer your question, Judge? Yes, it does. I have nothing further for this court unless you have any questions. And once again, my appreciation for taking the matter up. Okay, thank you, sir. This shows we think families are more important. Thank you. Mr. Weinerman, we let the government go over a little bit. We're going to give you two minutes for rebuttal. Thank you, Judge Gould. I guess I ought to go back and say this. We all agree there's not a charging document in this case, and we believe that if you look at the Taylor decision itself on page 601, Parker, and the Fish case, I believe it was footnote two or four, and it seems to say that you cannot go to the modified categorical approach if there's not a charging document in the record. And I think if you look at footnote five of your case and Franklin. Franklin? Franklin? I don't remember footnote five. Right. That's the only case in which I stumbled through this. I've read through that many times, much more recently than you, I'm sure. And every one of the cases cited in there talks about the type of documents that are needed when you're going to resort to the modified categorical approach. And every one of those cases, either mentioned in the footnote or if you go back to the case, has a charging document. And if you look at Parker and you look at Fish, they seem to say that it is dubious and you cannot resort to the modified categorical approach without a charging document. Is that a holding? Well, I can't say. You must have a charging document. I can't say it's the exact holding, Judge Wallace, because in both cases they said even if we were going to use the modified categorical approach, the government hasn't established it. But I would point out to the language in Taylor itself, again, it's on page 601, which is how Parker and Fish mention that you can't resort to the modified categorical approach without a charging document. Judge Wallace, you asked is the only problem with the California Burglary Statute, no unlawful entry. I would say another problem is there's no remaining element in the California Burglary Statute if you look at Penal Code section 459. Why is a charging document necessary if we judicially notice the elements of 459 in the Penal Code and we have an unqualified, no contest plea? I think in order to, again, go into that narrow exception to the categorical approach, one has to have a complete record, and you don't know what someone is admitting to unless there's some context, and the context would be a charging document alleging all the elements of generic burglary. Well, he's not admitting to anything. He's pleading no contest. The judge who is proceeding after the no contest plea to take admissions and representations of counsel which are binding to get a party and make a finding. So I don't quite see why a charging document is so essential in this case to find out what he pleaded to. Well, it's important, again, to lend context, and it's important because in our view Taylor says you're supposed to have a charging document, and Franklin in footnote 5, again, recites the case of the Ninth Circuit, has resorted to the modified categorical approach, and in every case this Court has required a charging document. Thank you. Or in every case there was one? I would say definitely there was one in every case, and I would conclude from that that that is the preference and the requirement of this Court. Has there been a case in this circuit in which there was not a charging document and the finding was still made? I'm going to go out on a limb and say I don't know of any case where there was not a charging document, where the modified categorical approach was used and a finding was made that generically was clearly established. And how about other circuits? I do not feel comfortable saying that there's no case in any other circuit. Have you made an electronic search for those cases? I cannot say that I have, Judge Wolf. Well, that's an important issue. I would hope that it doesn't take that long to get on a Lexus and find out what the Ninth Circuit and what other circuits have done on the issue. If you're right on the issue, you're right on the whole case. It seems to me it's rather critical. I feel comfortable with the representation regarding the Ninth Circuit, but I do not feel comfortable telling you that no other circuit has done that, Judge Wolf. Okay. So typically on the Ninth Circuit, in every case on the Ninth Circuit, there was a charging document. We don't have any cases today where there wasn't a charging document and we can't consider that as a position? That's the position I'm taking, Judge Beyer. Yes, sir. Okay. I got you. Thank you. This could be that case if we put your clients away. I guess that's the tough one. Okay. Well, thank you, sir. Thank you. Thank you both. Thanks for coming in in the afternoon. You're welcome. Thank you. Now, Judge Wolf, do you want me to stay on the phone for a conference or do you want to call me back? We'll call you back. I think we're going to try to do it from a conference room. Okay. Instead of from the public courtroom. Okay. Okay. The case is submitted. Thank you. Thank you.
judges: Wallace, Gould, Bea